11-4491-cv
Traylor v. Steward

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of October, two thousand twelve.

PRESENT:  GUIDO CALABRESI,
          REENA RAGGI,
          SUSAN L. CARNEY,
                    *Circuit Judges*.

-------------------------------------------------------------------------------------

SYLVESTER TRAYLOR,

          *Plaintiff-Appellant*,

        v.                              No. 11-4491-cv

DANIEL STEWARD, RYAN RYAN DELUCA LLP, DONALD LEONE, CANDICE WEIGLE-SPIER, TONILYNN WOOD, TOWN OF WATERFORD, POLICE DEPARTMENT,

          *Defendants-Appellees*.

-------------------------------------------------------------------------------------

FOR APPELLANT:  Sylvester Traylor, *pro se*, Quaker Hill, Connecticut.

FOR APPELLEES:  Michael T. Ryan, Maciej A. Piatkowski, Ryan Ryan Deluca LLP, Stamford Connecticut, *for* Daniel Steward, Town of Waterford, Police Department, and Ryan Ryan Deluca LLP.

                Matthew M. Sconziano, Heidell, Pittoni, Murphy & Bach, LLP, Bridgeport, Connecticut, *for* Candice Weigle-Spier.

Appeal from a judgment of the United States District Court for the District of Connecticut (Christopher F. Droney, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on September 26, 2011, is AFFIRMED.

Plaintiff Sylvester Traylor appeals pro se from the dismissal of his amended complaint for failure to state a claim, see Fed. R. Civ. P. 12(b)(6), and the district court's refusal to exercise supplemental jurisdiction over his state-law claims, see 28 U.S.C. § 1367(c)(3). We review the dismissal of a complaint under Rule 12(b)(6) de novo, see Galiano v. Fid. Nat'l Title Ins. Co., 684 F.3d 309, 313 (2d Cir. 2012), and the decision not to exercise supplemental jurisdiction for abuse of discretion, see Doninger v. Niehoff, 642 F.3d 334, 357 (2d Cir. 2011), cert. denied, 132 S. Ct. 499 (2011).  A complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); accord Galiano v. Fid. Nat'l Title Ins. Co., 684 F.3d at 313.  Although we construe a pro se complaint liberally, we are still obligated to ensure that the pleading satisfies this plausibility standard.  See Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011).  We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm for substantially the same reasons as stated in the thorough and well-reasoned decision of the district court.

2

Traylor's federal claims, brought under 42 U.S.C. §§ 1981, 1983, 1985, and 1986 for various violations of his civil rights, all fail for a common reason: he has inadequately pleaded facts that, if true, would entitle him to relief. Traylor fails to state a conspiracy claim under § 1985 because, although the complaint alleges a number of instances in which defendants purportedly have harmed him, he has not pleaded a non-conclusory basis for finding that these events were the result of a common agreement to discriminate against him and deprive him of his constitutional rights. See Webb v. Goord, 340 F.3d 105, 110–11 (2d Cir. 2003) (holding that conclusory allegations of conspiracy are insufficient to plead claim for relief). Because his § 1985 claim fails, so too does his claim under 42 U.S.C. § 1986. See Brown v. City of Oneonta, 221 F.3d 329, 341 (2d Cir. 2000).

Nor has Traylor pleaded claims for relief against the defendants for their alleged individual deprivations of his federal civil rights. Traylor's claims against the non-governmental defendants, i.e., the defendants other than First Selectman Daniel Steward and the Town of Waterford, fail because Traylor has not demonstrated that these private parties participated at all in the alleged constitutional torts, much less that they acted under color of state law. See Reynolds v. Barrett, 685 F.3d 193, 204 (2d Cir. 2012); Williams v. Smith, 781 F.2d 319, 323–24 (2d Cir. 1986). Likewise, Traylor's § 1981 and § 1983 claims against the governmental defendants are inadequately pleaded because the complaint does not plausibly allege that he was deprived of any rights pursuant to a policy or custom adopted by the Town of Waterford or its First Selectman. See Wray v. City of New York, 490 F.3d 189, 195 (2d Cir. 2007).

Finally, having properly dismissed Traylor's federal claims, the district court was well within its discretion to decline to exercise supplemental jurisdiction over Traylor's remaining state-law claims.  See Valencia ex rel. Franco v. Lee, 316 F.3d 299, 306 (2d Cir. 2003).

We have considered Traylor's remaining arguments and conclude that they are without merit.  The judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court